payment has been made.

The court will order payment on the claimed expenses by separate order.

1999-0570. **DeRolph v. State.**

Perry C.P. No. 22043. Pursuant to its Order on Motion for Reconsideration, entered November 16, 2001, this court appointed Howard S. Bellman as a Master Commissioner for purposes of presiding over a settlement conference and conducting settlement negotiations among the parties. This court entered into an Agreement for Services with the Master Commissioner, pursuant to which the Master Commissioner was entitled to payment for professional services at the rate of $200.00 per hour, reimbursement for reasonable and necessary travel expenses as provided in the Supreme Court of Ohio Travel Regulations, and reimbursement for other reasonable and necessary expenses related to negotiation sessions and conferences. The court's November 16, 2001 Order on Motion for Reconsideration provided that the Master Commissioner's fees and expenses, as authorized by the court, would be charged as costs and divided equally by the parties.

By letter filed February 25, 2002, Master Commissioner Bellman submitted a "Fee and Expense Statement for 12/31/01—1/30/02" in which he documented the provision of professional services totaling $19,400.00, and claimed expenses totaling $3,885.87. Having reviewed the requested fees for professional services,

IT IS ORDERED by the court that the parties pay the Master Commissioner's fees for professional services as follows:

| | |
|---|---|
| Appellees, Dale R. DeRolph et al. | $9,700.00 |
| Appellants, State of Ohio et al. | $9,700.00 |

IT IS FURTHER ORDERED by the court that, on or before May 3, 2002, each party shall make payment to the Master Commissioner and file a notice with the Clerk of this court certifying that payment has been made.

The court will order payment on the claimed expenses by separate order.

2001-1050. **Snyder v. Lindsay.**

Cuyahoga App. No. 78121. This cause is pending before the court as an appeal from the Court of Appeals for Cuyahoga County.

IT IS ORDERED by the court, sua sponte, that this cause be removed from the oral argument calendar and held for the decision in Supreme Court case No. 01-741, *Hartmann v. Duffey.*

2002-0538. **Malone v. Lane.**

Marion App. No. 9-02-07. This cause was filed as a discretionary appeal and claimed appeal of right. It is determined by the court that this cause originated in the court of appeals and therefore should have been filed as an appeal of right pursuant to S.Ct.Prac.R. II(1)(A)(1).

IT IS ORDERED by the court, sua sponte, that this appeal shall be docketed and proceed as an appeal of right; the Clerk shall issue an order for the transmittal of the record from the Court of Appeals for Marion County; and the parties shall proceed in accordance with S.Ct.Prac.R. VI.

*April 22, 2002*

## MISCELLANEOUS DISMISSALS

2002-0493. **State ex rel. Chalender v. Shoemaker.**

In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for writs of mandamus and prohibition. Upon consideration of respondents' motion to dismiss and relators' motion for stay of Court of Claims proceedings,

IT IS ORDERED by the court that the motion for stay be, and hereby is, denied.

IT IS FURTHER ORDERED by the court that the motion to dismiss be, and hereby is, granted and this cause is dismissed.